**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 17, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10514
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v

NOAH ORTEGA

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CR-10-ALL-C
---------------------

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM:[*]

Noah Ortega appeals the district court's denial of his
motion to suppress prior to his conditionally pleading guilty
to transporting illegal aliens. Ortega contends that Border
Patrol Agent Randy Betscher did not have reasonable suspicion of
criminal activity sufficient to warrant the investigatory stop
of Ortega's vehicle.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A Border Patrol agent conducting a roving patrol may make a temporary investigatory stop of a vehicle if the agent is aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle's occupant is engaged in criminal activity. United States v. Brignoni-Ponce, 422 U.S. 873, 884 (1975). In determining whether a reasonable suspicion exists, the courts must look to the totality of the circumstances surrounding the stop. United States v. Arvizu, 534 U.S. 266, 273-76 (2002). Consideration of the relevant factors, viewed in light of the totality of the circumstances and in the light most favorable to the Government, indicates that the district court did not err in concluding that there was reasonable suspicion for the stop. See United States v. Neufeld-Neufeld, 338 F.3d 374, 378-82 (5th Cir. 2003).

AFFIRMED.